E-filed: 2/19/2009

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

GOLDEN RULE PRODUCE, INC.

Plaintiff,

v.

ANO SAMIKO, INC. dba SOUTH VALLEY PRODUCE, a California Corporation; FOTIS DIONISOPOULOS, individually, and DOES 1 to 10,

Defendants.

Case No. **C 09 00691 PVT**

**TEMPORARY RESTRAINING ORDER**

**\* THIS ORDER IS NOT INTENDED FOR PUBLICATION.**

This matter is before the Court upon Plaintiff's Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.  Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by Affidavits or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reason that notice should not be required.

In this case, it clearly appears from the Affidavit of Dimitrios Tsigaris, President of Golden Rule Produce, Inc., that South Valley Produce is a dealer as defined by the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a(6), and has not been paid for produce in the amount

-1-

1  of $98,705.88 supplied to said Defendant as required by PACA.  It is also clear from the same

2  Affidavit and the Certification of Counsel that said Defendant South Valley Produce's PACA trust

3  assets are being dissipated or threatened with dissipation, and that said Defendant South Valley

4  Produce is not or may not be in a position to pay creditor's claim, thereby warranting the relief

5  requested by Plaintiff.  On the basis of the pleadings, Affidavit and other submissions Plaintiff has

6  filed in this matter, it appears Plaintiff will suffer immediate and irreparable injury due to said

7  Defendant's dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7

8  U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief.

9  Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

10      If notice of this motion is given to Defendant South Valley Produce of the prior to the

11  issuance of the Temporary Restraining Order, trust assets will be further threatened with dissipation

12  before the motion can be heard.  As noted in the legislative history of PACA, once dissipation has

13  occurred, recovery of trust assets is all but impossible.  H.R. Rep. No. 543, 98th Cong., 2d Sess. 4

14  (1983) reprinted in 1984 U.S. Code & Admin. News 405, 411.  I.R. Brooks & Son, Inc. v.

15  Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy N.D.Fla. 1989).  Entry of this Order without

16  notice assures retention of the trust assets under the control of this Court which is specifically

17  vested with jurisdiction over the trust.  7 U.S.C. § 499e(c)(5).  In accord with Rule 65(b)(2), the

18  applicant attorney has certified why notice should not be required.

19      Based on the foregoing, this Court finds that Plaintiff and other PACA trust creditors, if any,

20  will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is

21  granted without notice.

22      Therefore, it is by this United States District Court for the Northern District of California

23  ORDERED:

24  1.      Defendant, Ano Samiko dba South Valley Produce ("South Valley Produce"), its agents,

25  officers, subsidiaries, banking and financial institutions, and all persons in active concert or

26  participation with said Defendant, including Fotis Dionisopoulos, are enjoined and restrained from

27  dissipating, paying, transferring, assigning or selling any and all asserts covered by or subject to the

28  trust provisions of PACA without agreement of Plaintiff, or until further order of this Court.  Under

-2-

TEMPORARY RESTRAINING ORDER

§499e(c)(2) of PACA, the assets are subject to this order include all of the assets of South Valley Produce unless South Valley Produce can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided however, South Valley Produce may sell perishable commodities for fair compensation, without right of set-off, on the condition that South Valley Produce maintains the proceeds of such sale subject to this Order.

2.     This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3.     The $98,705.88 in PACA trust assets belonging to Plaintiff and in the possession of the Defendant will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

4.     This Temporary Restraining Order is entered this _19th_ day of February _and_ 2009, _at 12:00 P.M._

5.     A hearing on Plaintiff's Motion for Preliminary Injunction is set for the _27_ day of _February_, 2009 at _9:00_ ☑ a.m. ☐ p.m.

6.     Plaintiff shall service a copy of this Order, together with the Affidavit of Dimitrios Tsigaris, and Memorandum of Law, by personal service, including by facsimile transmission or federal express, on or before the _26th_ day of February _and_ 2009. Such service such be deemed good and sufficient.

7.     Any opposition shall be filed on or before February _25_, 2009.

Dated: February _19_, 2009

_Ronald M. Whyte_
Judge for the United States District Court